{¶ 1} On June 26, 2008, the petitioner, Marshall Glass, commenced what he styled as a procedendo action against the respondent, Judge Steven Terry, apparently to compel a correct decision on a "motion to dismiss for lack of a speedy trial" which he filed on June 3, 2008, in the underlying case, State v. Marshall Glass, Cuyahoga County Common Pleas Court Case No. CR-507111. For the following reasons, this court, sua sponte, denies the application for a writ of procedendo.
 {¶ 2} The gravamen of Glass' motion to dismiss the underlying case is that the journal entries granting continuances are invalid because they do not state the reasons for granting the continuances. He concludes that because there were no valid continuances, the allowable time for bringing him to trial has elapsed, and he is entitled to dismissal of the criminal case. On June 10, 2008, the respondent summarily denied Glass' motion to dismiss.
 {¶ 3} The writ of procedendo is merely an order from a court of superior jurisdiction to one of inferior jurisdiction to proceed to judgment. Yee v. Erie Cty. Sheriff's Dept (1990), 51 Ohio St.3d 43,553 N.E.2d 1354. Procedendo is appropriate when a court has either refused to render a judgment or has unnecessarily delayed proceeding to judgment. State ex rel. Watkins v. Eighth Dist. Court of Appeals,82 Ohio St.3d 532, 1998-Ohio-190, 696 N.E.2d 1079. However, the writ will not issue to control what the judgment should be, nor will it issue for the purpose of controlling or interfering with ordinary court procedure. Thus, *Page 4 
procedendo will not lie to control the exercise of judicial discretion. Moreover, it will not issue when there is an adequate remedy at law.State ex rel. Utley v. Abruzzo (1985), 17 Ohio St.3d 202, 478 N.E.2d 789
and State ex rel. Hansen v. Reed (1992), 63 Ohio St.3d 597,589 N.E.2d 1324.
 {¶ 4} In the instant case Glass' recourse to procedendo is ill-founded. The respondent judge quickly ruled on the subject motion, and procedendo cannot lie to compel the judge to rule on it. To the extent that Glass is actually arguing that the judge must rule "correctly" on the motion and proceed to dismiss the case, his argument is meritless. Such use of procedendo is an attempt to control the discretion of the judge in ruling on a motion or handling a case, and procedendo may not be used for that purpose. Instead, Glass' real remedy is appeal, if necessary, after the case is finished. Such an adequate remedy also precludes procedendo.
 {¶ 5} The court further notes that Glass did not comply with Civil Rule 10(A) in captioning his case. He did not state the name of the court nor identify the parties and list their addresses. This failure to properly caption a complaint is sufficient grounds for denying the writ and dismissing the petition. Maloney v. Court of Common Pleas of AllenCty. (1962), 173 Ohio St. 226, 181 N.E.2d 270. Moreover, the failure to caption the case correctly creates uncertainty as to the identity of the respondent. This court has held that this deficiency alone also warrants dismissal. State ex rel. Larry Calloway v. Court of Common Pleas ofCuyahoga Cty. (Feb. 27, 1997), Cuyahoga App. No. 71699; State ex rel.Samuels v. Municipal Court (Nov. *Page 5 
22, 1994), Cuyahoga App. No. 67762; and State ex rel. White v.Villanueva (Oct. 6, 1993), Cuyahoga App. No. 66009.
 {¶ 6} Accordingly, this court sua sponte denies the application for a writ of procedendo. Costs assessed against petitioner. The clerk is directed to serve upon the parties notice of this judgment and its date of entry upon the journal. Civ. R. 58(B).
 COLLEEN CONWAY COONEY, P.J., and KENNETH A. ROCCO, J., CONCUR *Page 1