[Cite as *State ex rel. M.D. v. Cuyahoga Cty. Court of Common Pleas, Div. of Domestic Relations*, 2021-Ohio-4171.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

STATE OF OHIO, EX REL., M.D.,            :

     Relator,            :

                             No. 110720

     v.            :

CUYAHOGA COUNTY COURT OF
COMMON PLEAS, DIVISION OF
DOMESTIC RELATIONS,            :

     Respondent.            :

---

### JOURNAL ENTRY AND OPINION

**JUDGMENT:** WRIT DISMISSED
**DATED:** November 23, 2021

---

Writ of Procedendo
Motion Nos. 549111 and 549153
Order No. 550568

---

### *Appearances:*

Zukerman, Lear & Murray Co. LPA, Larry W. Zukerman, and Brian A. Murray, *for relator.*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Nora E. Poore, Assistant Prosecuting Attorney, *for respondent.*

Stafford Law Co., L.P.A., Joseph C. Stafford, and Nicole A. Cruz, *for intervening respondent.*

EMANUELLA D. GROVES, J.:

{¶ 1} On August 6, 2021, the relator, M.D., who is the husband in the underlying Domestic Relations Court cases, commenced this procedendo action against the respondent, the Cuyahoga County Common Pleas Court, Division of Domestic Relations. He seeks to compel the respondent (1) to proceed in the Domestic Violence Civil Protection Order case ("DVCPO") with any of the available magistrates; (2) to rule on the May 28, 2021 motion to dismiss the wife's petition for a DVCPO; (3) to conduct a full hearing in the DVCPO and rule on all other outstanding motions in that case, if the motion to dismiss is denied; (4) to proceed in the divorce and child custody case; and (5) to rule on the June 26, 2020 motion to reinstate parenting time and on the July 21, 2020 emergency motion for temporary possession of the minor children pending trial.

{¶ 2} On September 9, 2021, the respondent court filed a motion to dismiss, and the husband filed his brief in opposition on September 16. On September 17, 2021, this court granted the wife, M.A.D., leave to intervene as a respondent, and accepted her motion to dismiss. The respondent court filed its reply brief on September 23. The husband filed his brief in opposition to the wife's motion to dismiss on October 5, and the wife filed her reply brief on October 12, 2021. The court has reviewed all of the filings, and this case is ripe for resolution.

## FACTUAL AND PROCEDURAL BACKGROUND

{¶ 3} The underlying cases have a long and tortuous procedural posture. The husband and the wife were married in 1998, and had two children, one born in

2006 and the other in 2010. Because of job demands, the husband lived in Texas, and the wife with the children lived in Solon, Ohio. The husband would visit his family in Ohio approximately twice a month.

{¶ 4} On May 31, 2017, the wife commenced the underlying cases: (1) the divorce case, *M.A.D. v. M.D.*, Cuyahoga D.R. No. DR-17-367298; and (2) the DVCPO, *M.A.D. v. M.D.,* Cuyahoga D.R. No. DV-17-367300. At the protection order hearing on August 21, 2017, the wife testified that the husband was an angry and controlling person who stalked her and once threatened to kill her. The magistrate granted the civil protection order for the wife and the two children, effective for one year until August 24, 2018. The husband filed objections to the magistrate's report, which the initial judge[1] upheld and vacated the civil protection order. The trial judge reasoned that the magistrate did not allow the husband sufficient time for cross-examination and that the facts presented did not support the issuance of a protection order. The wife appealed. This court reversed and remanded for a new full hearing. *M.D. v. M.D.,* 8th Dist. Cuyahoga Nos. 106581 and 106758, 2018-Ohio-4218.

{¶ 5} While the DVCPO was pending on appeal and the parties were litigating the divorce case, the initial judge recused herself on September 4, 2018. The next day, three more judges recused themselves. Thus, the only remaining

---

[1] The Domestic Relations Division has five judges.

judge in the Domestic Relations Division was assigned to the case. During the contentious litigation, this judge also recused herself on July 22, 2020.

{¶ 6} On July 31, 2020, the Supreme Court of Ohio assigned another judge to the cases. On October 6, 2020, this judge issued an order noting that there were approximately 100 pending motions in the cases and that the parties were to submit an agreed judgment entry enumerating those pending motions that are moot. He also appointed a mediator in the case. This order apparently removed only a few motions from consideration. On May 25, 2021, this judge recused himself from the cases because they required more time than he was able to devote to them.

{¶ 7} While awaiting the Supreme Court of Ohio to appoint a new judge, the husband filed the instant procedendo action. On August 20, 2021, the Supreme Court of Ohio assigned a second judge, who on September 8, 2021, set an in-person attorney conference for November 3, 2021. The docket in the DVCPO shows that the case has been set for an in-person trial for August 1-5, 2022.

## DISCUSSION OF LAW

{¶ 8} The writ of procedendo is merely an order from a court of superior jurisdiction to one of inferior jurisdiction to proceed to judgment. *Yee v. Erie Cty. Sheriff's Dept.,* 51 Ohio St.3d 43, 553 N.E.2d 1354 (1990). Procedendo is appropriate when a court has either refused to render judgment or has unnecessarily delayed proceeding to judgment. *State ex rel. Watkins v. Eighth Dist. Court of Appeals,* 82 Ohio St.3d 532, 1998-Ohio-190, 696 N.E.2d 1079. However, the writ will not issue to control what the judgment should be, nor will it issue for the purpose

of controlling or interfering with ordinary court procedure. Thus, procedendo will not lie to control the exercise of judicial discretion. Moreover, it will not issue when there is an adequate remedy at law. *State ex rel. Hansen v. Reed,* 63 Ohio St.3d 597, 589 N.E.2d 1324 (1992).

{¶ 9} The husband argues that these cases have been pending for more than four years, that there are numerous motions that have not been resolved, that he has not been able to visit his children during these four years, that he still faces the domestic violence accusation despite the time of the original order has long since lapsed, and that the wife is using delay tactics to extort a more favorable divorce settlement from him. Accordingly, this court should end the injustice of delay and issue the writ of procedendo.

{¶ 10} The determining factors in this case are that six judges have recused themselves from this intensely litigated matter and a new judge has been recently assigned. This new judge has conducted an attorney conference and has set a trial date for one of the cases. Thus, the respondent is not refusing to proceed to judgment or unnecessarily delaying proceeding to judgment. To issue a writ of procedendo to compel the newly appointed judge to move more rapidly on the cases would be to control the discretion of the judge in handling the cases, and procedendo may not be used for that purpose. *Glass v. Terry,* 8th Dist. Cuyahoga No. 91704, 2008-Ohio-3347, and *State ex rel. D.H. v. Capizzi,* 2d Dist. Montgomery No. 27068, 2016-Ohio-5268. Thus, the husband has failed to state a claim for procedendo.

{¶ 11} Accordingly, this court grants the motions to dismiss and dismisses this application for a writ of procedendo. Relator to pay costs. The court instructs the clerk to serve upon the parties notice of this judgment and its date of entry upon the journal. Civ.R. 58(B).

{¶ 12} Writ dismissed.

_____
EMANUELLA D. GROVES, JUDGE

MICHELLE J. SHEEHAN, P.J., and
LISA B. FORBES, J., CONCUR