**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. M.D. v. Kelsey*, Slip Opinion No. 2022-Ohio-2556.]**

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2022-OHIO-2556

THE STATE EX REL. M.D., APPELLANT, *v*. KELSEY, JUDGE, ET AL., APPELLEES.

**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. M.D. v. Kelsey*, Slip Opinion No. 2022-Ohio-2556.]**

*Procedendo—The Rules of Superintendence for the Courts of Ohio set guidelines for a domestic-relations court's timely disposition of its cases—A lower court's refusal or failure to timely dispose of a pending action is the ill that a writ of procedendo is designed to remedy—Judgment reversed and writ granted.*

(No. 2021-1463—Submitted July 12, 2022—Decided July 26, 2022.)

APPEAL from the Court of Appeals for Cuyahoga County, No. 110720, 2021-Ohio-4171.

_____

**Per Curiam.**

**{¶ 1}** Appellant, M.D., appeals the Eighth District Court of Appeals' dismissal of his complaint for a writ of procedendo against the Cuyahoga County Court of Common Pleas, Division of Domestic Relations ("the domestic-relations court"). M.D. sought in the court of appeals a writ compelling the domestic-relations court to proceed in a divorce case and a domestic-violence civil-protection-order ("DVCPO") case that have been pending since May 31, 2017, and that have more than 75 motions pending between the cases. We reverse the Eighth District's judgment and grant a writ of procedendo.

## I. FACTUAL AND PROCEDURAL BACKGROUND

**{¶ 2}** M.D. is the defendant in a divorce case (Cuyahoga C.P. No. DR-17-367298) and the respondent in a DVCPO case (Cuyahoga C.P. No. DV-17-367300), both of which are pending in the domestic-relations court and were filed on May 31, 2017. Both cases were assigned to Judge Rosemary Grdina Gold. Judge Gold denied a protection order in the DVCPO case, but the Eighth District reversed that judgment and remanded the matter to the domestic-relations court for a full hearing on the DVCPO petition. *See M.D. v. M.D.*, 8th Dist. Cuyahoga Nos. 106581 and 106758, 2018-Ohio-4218, ¶ 1-2, 102.

**{¶ 3}** On September 4, 2018, Judge Gold recused herself from both cases. The following day, three other judges in the domestic-relations court—Judges Tonya R. Jones, Diane M. Palos, and Francine B. Goldberg—recused themselves from the divorce case. Judge Palos also recused herself from the DVCPO case after it was reassigned to her. Both cases were then assigned to Judge Leslie Ann Celebrezze.

**{¶ 4}** Judge Celebrezze presided over a hearing in the DVCPO case from July 6 to July 8, 2020, but the hearing was not completed. At the request of M.D.'s wife, appellee M.A.D., Judge Celebrezze continued the hearing to February 8, 2021, but recused herself from both cases around the time that M.A.D. filed an

2

action for a writ of prohibition against Judge Celebrezze. Judges Goldberg and Jones then recused themselves from the DVCPO case. At that point, all sitting judges of the domestic-relations court had recused themselves from the divorce case and the DVCPO case.

{¶ 5} On July 31, 2020, the chief justice of this court assigned Judge David E. Stucki to preside over the cases. At the time that Judge Stucki was assigned, there were more than 50 motions pending between the cases, and 25 additional motions were filed during the next ten months. Without ruling on any of the pending motions, Judge Stucki recused himself from the cases on May 25, 2021, stating that the cases required more time than he was able to devote to them. At the time of his recusal, Judge Stucki had not scheduled a full hearing in the DVCPO case or the trial in the divorce case.

{¶ 6} M.D. commenced this procedendo action in the Eighth District on August 6, 2021, naming the domestic-relations court as the respondent.[1] M.D. sought a writ of procedendo compelling the domestic-relations court to (1) immediately proceed in the DVCPO case and to promptly rule on his May 28, 2021 motion to dismiss the DVCPO petition, (2) conduct a full hearing on the DVCPO petition and rule on all other pending motions if the motion to dismiss were denied,

---

1. A court is not sui juris and, absent statutory authority, a court may neither sue nor be sued in its own right. *State ex rel. Cleveland Mun. Court v. Cleveland City Council*, 34 Ohio St.2d 120, 121, 296 N.E.2d 544 (1973). At the time that M.D. commenced the procedendo action in the court of appeals, however, there was no judge assigned to either the divorce case or the DVCPO case and therefore no judge whom M.D. could name as the respondent. After the commencement of the procedendo action, the chief justice of this court assigned appellee Judge Reeve W. Kelsey to preside over the cases. M.D. filed a motion for leave to file a supplemental complaint, in which he identified Judge Kelsey as the assigned judge on the cases, but the court of appeals denied M.D.'s motion as moot when it dismissed the action. Because there was no judge assigned to the cases at the time M.D. filed his complaint and because he was denied leave to identify Judge Kelsey in a supplemental complaint, we sua sponte substitute Judge Kelsey as appellee under S.Ct.Prac.R. 4.06(A)(2). On the record before us, we discern no prejudice to Judge Kelsey from this substitution: counsel appeared on behalf of the domestic-relations court in the court of appeals and in this appeal, effectively asserting arguments on Judge Kelsey's behalf, opposing M.D.'s requested relief in procedendo.

(3) immediately proceed in the divorce case and promptly rule on his June 26, 2020 motion to reinstate his parenting time and his July 21, 2020 motion for temporary custody of the minor children pending trial.

{¶ 7} M.A.D. intervened as a respondent in the action and filed a motion to dismiss. The domestic-relations court also filed a motion to dismiss, arguing that M.D. had failed to state a valid claim in procedendo and that, in any event, the action was moot because appellee Judge Reeve W. Kelsey was assigned to preside over the divorce case and the DVCPO case as a visiting judge, effective August 11, 2021. M.D. opposed the motions to dismiss. M.D. also filed a motion for leave to file a supplemental verified complaint to add allegations related to Judge Kelsey's assignment to the case, the denial of M.D.'s May 28, 2021 motion to dismiss the DVCPO case, and the scheduling of the DVCPO case for trial for the week of August 1, 2022. According to M.D., other than denying M.D.'s motion to dismiss the DVCPO case, Judge Kelsey had ruled on no other motions in the cases since his assignment and there remained more than 75 motions pending between the cases.

{¶ 8} The court of appeals granted the motions to dismiss, but not on mootness grounds. Rather, it held that the "determining factors" regarding the delays in the divorce case and the DVCPO case "are that six judges have recused themselves from this intensely litigated matter and a new judge has been recently assigned." 2021-Ohio-4171, ¶ 10. Accordingly, the court of appeals determined that the domestic-relations court "is not refusing to proceed to judgment or unnecessarily delaying proceeding to judgment." *Id.* The court also denied as moot M.D.'s motion for leave to file a supplemental complaint.

{¶ 9} M.D. appealed to this court as of right. He has also requested oral argument.

4

## II. ANALYSIS

**{¶ 10}** This court reviews de novo a court of appeals' dismissal of a complaint for extraordinary-writ relief. *State ex rel. Thomas v. Nestor*, 164 Ohio St.3d 144, 2021-Ohio-672, 172 N.E.3d 136, ¶ 4. The issuance of a writ of procedendo is appropriate when a court has either "refused to enter judgment or has unnecessarily delayed proceeding to judgment." *State ex rel. Poulton v. Cottrill*, 147 Ohio St.3d 402, 2016-Ohio-5789, 66 N.E.3d 716, ¶ 2. To prevail on his procedendo complaint, M.D. must establish a clear legal right requiring Judge Kelsey to proceed, a clear legal duty on the part of Judge Kelsey to proceed, and the lack of an adequate remedy in the ordinary course of the law. *See State ex rel. Weiss v. Hoover*, 84 Ohio St.3d 530, 531-532, 705 N.E.2d 1227 (1999).

**{¶ 11}** A lower court's refusal or failure to timely dispose of a pending action is the ill that a writ of procedendo is designed to remedy. *State ex rel. Rodak v. Betleski*, 104 Ohio St.3d 345, 2004-Ohio-6567, 819 N.E.2d 703, ¶ 16. The Rules of Superintendence for the Courts of Ohio set guidelines for the domestic-relations court's timely disposition of divorce cases with children and domestic-violence civil-protection-order cases (18 months and one month, respectively). *See* Sup.R. 39(A) and Sup.R. SRF Form B. The superintendence rules also instruct trial courts to rule on motions within 120 days. Sup.R. 40(A)(3).

**{¶ 12}** Here, the divorce and DVCPO cases have far exceeded the time frames stated in the superintendence rules' guidelines. The divorce case and the DVCPO case have been pending since May 31, 2017, and the evidence shows that there are unresolved motions dating back to 2017. In particular, M.D.'s motion to reinstate parenting time with his minor children, which was filed on June 26, 2020, remains unruled on, and M.D. has been denied parenting time throughout the pendency of the motion. Though litigants do not have a right to enforce the time limitations in the superintendence rules by way of an extraordinary-writ proceeding, the rules guide us in determining whether a trial court has unduly

delayed in proceeding to a judgment. *See State ex rel. Culgan v. Collier*, 135 Ohio St.3d 436, 2013-Ohio-1762, 988 N.E.2d 564, ¶ 10 ("A court that takes more than 120 days to rule on a motion risks unduly delaying the case and, as here, risks our issuing writs of mandamus and/or procedendo to compel a ruling").

{¶ 13} The divorce and DVCPO cases have been pending for more than five years. While the timely disposition of the cases has been hampered by the recusal of multiple judges, that circumstance does not excuse the court's failure to resolve such a large number of motions for several years. Nor do we see a compelling reason why the judges who have presided over the cases did not move forward and resolve the matters more expeditiously. Indeed, the divorce case has been pending for more than three and a half years beyond the guideline stated in the Rules of Superintendence. Even worse, the DVCPO case has been pending for more than five years beyond the superintendence rules' guideline.

### III. CONCLUSION

{¶ 14} We reverse the Eighth District's judgment and grant a writ of procedendo compelling Judge Kelsey to forthwith (1) rule on all pending motions in the DVCPO case and proceed with a full hearing in that case, (2) rule on M.D.'s June 26, 2020 motion to reinstate his parenting time in the divorce case, (3) rule on M.D.'s July 21, 2020 emergency motion for temporary custody of the minor children, pending trial in the divorce case, and (4) proceed promptly to trial in the divorce case, unless the case otherwise terminates without trial. Because we grant the writ, we deny as moot M.D.'s request for oral argument in this case.

Judgment reversed
and writ granted.

O'CONNOR, C.J., and FISCHER, DONNELLY, STEWART, and BRUNNER, JJ., concur.

KENNEDY and DEWINE, JJ., concur in judgment only.

_____

Zukerman, Lear & Murray Co., L.P.A., Larry W. Zukerman, and Brian A. Murray, for appellant.

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Nora E. Poore, Assistant Prosecuting Attorney, for appellee Judge Reeve W. Kelsey.

Stafford Law Co., L.P.A., Joseph G. Stafford, and Nicole A. Cruz, for appellee M.A.D.

_____