[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Justice v. State*, Slip Opinion No. 2023-Ohio-760.]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports.  Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2023-OHIO-760

THE STATE EX REL. JUSTICE, APPELLANT, *v*. THE STATE OF OHIO, APPELLEE.

[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Justice v. State*, Slip Opinion No. 2023-Ohio-760.]

*Prohibition—Appellant failed to identify any statute in support of claim that trial court lost jurisdiction over her criminal case—Court of appeals' dismissal of action for failure to state a claim within its jurisdiction affirmed.*

(No. 2022-0811—Submitted January 10, 2023—Decided March 15, 2023.)

APPEAL from the Court of Appeals for Franklin County, No. 22AP-53.

_____

**Per Curiam.**

{¶ 1} Appellant, Monica R-Lotus Justice, appeals the dismissal of an original action she filed in the Tenth District Court of Appeals.  We affirm.

**Background**

{¶ 2} In January 2022, Justice filed an original action in the Tenth District captioned "Petition for discharge for want of jurisdiction, judicial misconduct, and abuse of discretion, obstructions to justice, prosecutorial misconduct & perjury, &

*Brady* rule violations, etc., effected pre-trial by respondents." The complaint named the state of Ohio, the Bureau of Criminal Investigation, Franklin County Common Pleas Court Judge David Young ("the trial court"), and Franklin County Assistant Prosecuting Attorney Marla Farbacher as respondents. Justice designated her complaint as an "appeal" from Franklin C.P. case No. 20-CR-03470.[1]

**{¶ 3}** In her complaint, Justice alleged that her speedy-trial rights had been violated, that the trial court had abused its discretion in various pretrial rulings, and that the prosecution had withheld exculpatory evidence in violation of *Brady v. Maryland*, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963). Based on these allegations, Justice alleged a conspiracy to violate her constitutional rights and demanded a "discharge" of the criminal case against her.

**{¶ 4}** The Tenth District dismissed the complaint. The court determined that Justice's pleading was "not sufficient to state a claim for any of the five writs over which th[e] court has original jurisdiction, nor does it constitute a valid notice of appeal under App.R. 3."

**{¶ 5}** Thereafter, Justice filed a notice of appeal "by right" in this court, citing "S.Ct.Prac.R. 6." She later filed a "notice of joinder," purporting to unilaterally consolidate this case with 2022-0840, *State v. Justice*, a discretionary appeal, but on August 30, 2022, we declined jurisdiction in that case, 167 Ohio St.3d 1499, 2022-Ohio-2953, 193 N.E.3d 586.

**Legal analysis**

**{¶ 6}** Justice's reference to Section 6 of this court's Rules of Practice and Procedure in her notice of appeal indicates that she is not attempting to appeal any ruling of the trial court. Rather, she appears to be appealing from the Tenth District's dismissal of the original action she brought in that court. *See* S.Ct.Prac.R. 5.01(A)

---

1. According to the clerk of courts' website, Justice is charged in case No. 20-CR-03470 with four counts of felonious assault and two counts of having a weapon while under a disability.

and 6.01(A). However, Justice's complaint did not clearly identify the extraordinary writ she seeks, and neither does the merit brief she filed in this court.

{¶ 7} It is readily apparent, however, that Justice is not seeking relief in mandamus or habeas corpus. To state a claim for a writ of mandamus, a relator must allege a clear legal right to relief, a clear legal duty on the part of the respondent to provide it, and the lack of an adequate remedy in the ordinary course of law. *State ex rel. Romine v. McIntosh*, 162 Ohio St.3d 501, 2020-Ohio-6826, 165 N.E.3d 1262, ¶ 10. And habeas corpus will lie only if the petitioner is entitled to immediate release from confinement. *Scarberry v. Turner*, 139 Ohio St.3d 111, 2014-Ohio-1587, 9 N.E.3d 1022, ¶ 14. Because Justice has not articulated a clear legal right or legal duty and has not alleged a right to immediate release, we infer that she is not seeking relief in mandamus or habeas corpus.

{¶ 8} Justice's merit brief, which presents seven propositions of law, primarily offers reasons why the trial court supposedly lost jurisdiction over her criminal case. For example, she asserts that the trial court erroneously treated her demurrer to the charges as a motion that tolled the speedy-trial clock. Given that she repeatedly purports to challenge the trial court's jurisdiction, it appears that Justice is seeking a writ of prohibition to bar further proceedings in Franklin C.P. case No. 20-CR-03470.

{¶ 9} To state a claim for a writ of prohibition, a relator must allege the exercise of judicial power, the lack of authority for the exercise of that power, and the lack of an adequate remedy in the ordinary course of law. *State ex rel. Elder v. Camplese*, 144 Ohio St.3d 89, 2015-Ohio-3628, 40 N.E.3d 1138, ¶ 13. However, if jurisdiction is patently and unambiguously absent, the relator need not establish the lack of an adequate remedy in the ordinary course of the law. *State ex rel. Sapp v. Franklin Cty. Court of Appeals*, 118 Ohio St.3d 368, 2008-Ohio-2637, 889 N.E.2d 500, ¶ 15. We review de novo a court of appeals' dismissal of a complaint

for extraordinary-writ relief. *State ex rel. M.D. v. Kelsey*, 168 Ohio St.3d 679, 2022-Ohio-2556, 200 N.E.3d 1114, ¶ 10.

{¶ 10} When we have found that a common pleas court lacks jurisdiction, "it is almost always because a statute explicitly removed that jurisdiction." *Ohio High School Athletic Assn. v. Ruehlman*, 157 Ohio St.3d 296, 2019-Ohio-2845, 136 N.E.3d 436, ¶ 9. Justice does not identify any such statute and has failed to show that the trial court patently and unambiguously lacks jurisdiction over her criminal case. To the extent that Justice alleges trial-court errors or violations committed by the prosecution, such claims may be asserted on direct appeal from a final order entered by the trial court in her criminal case. For example, speedy-trial claims are not cognizable in a prohibition action or any other extraordinary-writ proceeding. *State ex rel. Jackim v. Ambrose*, 118 Ohio St.3d 512, 2008-Ohio-3182, 890 N.E.2d 324, ¶ 6 (collecting cases). Likewise, prosecutorial misconduct and erroneous pretrial decisions do not deprive a trial court of jurisdiction, and such claims are not cognizable in prohibition. *See, e.g.*, *Russell v. Duffy*, 142 Ohio St.3d 320, 2015-Ohio-1358, 29 N.E.3d 978, ¶ 9-10 (appeal is an adequate legal remedy for prosecutorial misconduct); *State ex rel. Herdman v. Watson*, 83 Ohio St.3d 537, 539, 700 N.E.2d 1270 (1998) (holding that an appeal following the entry of a final, appealable order constitutes an adequate legal remedy to resolve any alleged error by the trial court in its pretrial discovery orders).

{¶ 11} The Tenth District correctly dismissed Justice's complaint for failure to state a claim within the jurisdiction of the court of appeals. We affirm.

**Conclusion**

{¶ 12} Based on the foregoing, we affirm the judgment of the Tenth District Court of Appeals.

Judgment affirmed.

KENNEDY, C.J., and FISCHER, DEWINE, DONNELLY, STEWART, BRUNNER, and DETERS, JJ., concur.

_____

Monica R-Lotus Justice, pro se.

G. Gary Tyack, Franklin County Prosecuting Attorney, and Nickole K. Iula, Assistant Prosecuting Attorney, for appellees Judge David Young and Marla Farbacher.

G. Gary Tyack, Franklin County Prosecuting Attorney, and Taylor M. Mick, Assistant Prosecuting Attorney, for appellee state of Ohio.

_____