[Cite as *Schneider v. McCarty*, 2023-Ohio-4509.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

JOHN SCHNEIDER

    Relator

    v.

JUDGE ALISON MCCARTY

    Respondent

C.A. No. 30873

ORIGINAL ACTION IN PROCEDENDO

Dated: December 13, 2023

---

PER CURIAM.

{¶1} Relator, John Schneider, petitioned this Court for a writ of procedendo to order Respondent, Judge Alison McCarty, to rule on a pending motion. Judge McCarty has moved to dismiss. For the following reasons, the motion to dismiss is granted and the case is dismissed.

{¶2} To obtain a writ of procedendo, Mr. Schneider must establish that he has a clear legal right to require the judge to proceed, that the judge has a clear legal duty to proceed, and that there is no adequate remedy available in the ordinary course of law. *State ex rel. Ward v. Reed*, 141 Ohio St.3d 50, 2014-Ohio-4512, ¶ 9, citing *State ex rel. Sherrills v. Cuyahoga Cty. Court of Common Pleas*, 72 Ohio St.3d 461, 462 (1995). Procedendo is the appropriate remedy when a judge has refused to render a judgment or has unnecessarily delayed proceeding to judgment. *State ex rel. M.D. v. Kelsey*, 168 Ohio St.3d 679, 2022-Ohio-2556, ¶ 10. It is well-settled that procedendo will not "compel the performance of a duty that has already been performed." *State ex rel. Grove v. Nadel*, 84 Ohio St.3d 252, 253, 1998-Ohio-541.

{¶3}     When this Court reviews a motion to dismiss under Civ.R. 12(B)(6), we must presume that all of the factual allegations in the petition are true and make all reasonable inferences in favor of the nonmoving party. *State ex rel. Seikbert v. Wilkinson*, 69 Ohio St.3d 489, 490 (1994).  A petition can only be dismissed when, having viewed the complaint in this way, it appears beyond doubt that the relator can prove no set of facts that would entitle him to the relief requested. *Goudlock v. Voorhies*, 119 Ohio St.3d 389, 2008-Ohio-4787, ¶ 7.  With this standard in mind, we begin with the facts alleged in the complaint.

{¶4}     Mr. Schneider's complaint seeks an order directing Judge McCarty to rule on a motion he filed on January 5, 2023.  The attachments to the complaint, and Judge McCarty's response, show that Mr. Schneider filed this same complaint in an earlier procedendo case in this Court.  Judge McCarty ruled on the January 5, 2023 motion pending before her and granted judgment and damages in Mr. Schneider's favor in a final, appealable order.

{¶5}     Mr. Schneider then voluntarily dismissed the original action.  According to the attachments to the complaint, Mr. Schneider inadvertently filed the voluntary dismissal in the trial court case and then correctly filed it in the original action case.

{¶6}     The first attachment to the complaint contains the trial court case number and it is captioned "motion to correct and/or reconsideration of judgment."  This document does not bear a trial court time stamp or any other indication that it was filed in the trial court.  There is also no reference to this motion in the complaint itself, but it is attached to the complaint.

{¶7}     According to the motion, Mr. Schneider attempted to file a Notice of Garnishment in the trial court case.  The motion states that he was told he could not seek garnishment because the trial court had dismissed the case.  The motion argues that the dismissal was a clerical error

resulting from the mistaken filing of the voluntary dismissal in the trial court case rather than the original action case.

{¶8}     The complaint asks this Court to order Judge McCarty to rule on a motion filed in January 2023. The attachments to the complaint demonstrate that Judge McCarty has ruled on that motion. Procedendo will not compel the performance of a duty that has already been performed.

{¶9}     The writ of procedendo will issue to vindicate a relator's clear legal right to have a lawsuit litigated without undue delay. *Yee v. Erie County Sheriff's Dept.*, 51 Ohio St.3d 43, 44 (1990). A writ of procedendo is appropriate when a court has either refused to render a judgment or has unnecessarily delayed proceeding to judgment. *State ex rel. Dehler v. Sutula, Judge*, 74 Ohio St.3d 33, 35 (1995). The writ is the appropriate means to remedy an inferior court's refusal or failure to timely dispose of a pending action. *State ex rel. Watkins v. Eighth District Court of Appeals*, 82 Ohio St.3d 532, 535-536 (1998).

{¶10}     The complaint does not allege that Judge McCarty has delayed entering a ruling on any pending motions other than the January 2023 motion. As already noted, there is no dispute that Judge McCarty has ruled on the January 2023 motion. Accordingly, as to the allegations in the complaint, the motion to dismiss must be granted.

{¶11}     Finally, Judge McCarty's motion to dismiss argues that a voluntary dismissal filed after a final judgment is a nullity, the judgment in Mr. Schneider's favor has not been vacated, and there is no allegation or evidence that Judge McCarty has or will deny garnishment proceedings. Thus, Judge McCarty has demonstrated that there is an adequate remedy available to Mr. Schnieder, which also prevents this Court from granting the writ of procedendo.

{¶12} For the foregoing reasons, the motion to dismiss is granted and this case is dismissed. Costs are taxed to Mr. Schneider. The clerk of courts is hereby directed to serve upon all parties not in default notice of this judgment and its date of entry upon the journal. *See* Civ.R. 58(B).

JENNIFER L. HENSAL
FOR THE COURT

CARR, J.
FLAGG LANZINGER, J.
CONCUR.

APPEARANCES:

JOHN SCHNEIDER, Relator.

SHERRI BEVAN WALSH, Prosecuting Attorney, and JENNIFER M. PIATT, Assistant Prosecuting Attorney, for Respondent.