[Cite as *State ex rel. Garrison v. Brown*, 2026-Ohio-278.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State ex rel. Carlos Q. Garrison, | : | |
| Relator, | : | No. 25AP-566 |
| v. | : | (REGULAR CALENDAR) |
| Judge Richard Brown, | : | |
| Respondent. | : | |

D E C I S I O N

Rendered on January 29, 2026

**On brief:** *Carlos Q. Garrison*, pro se.

**On brief:** *Shayla D. Favor*, Prosecuting Attorney, and *Patrick A. Stevens*, for respondent.

IN MANDAMUS
ON RESPONDENT'S MOTION TO DISMISS

JAMISON, J.

{¶ 1} Relator, Carlos Q. Garrison, has filed a mandamus action against respondent, Judge Richard Brown ("Judge Brown"). Garrison requests this court issue a writ of mandamus ordering Judge Brown to dismiss his pending case for alleged speedy-trial violations, lack of a preliminary hearing, and further states that he is eligible for release from detention based upon the alleged violation of his speedy-trial rights and lack of a timely preliminary hearing. Judge Brown has filed a motion to dismiss Garrison's petition.

{¶ 2} Pursuant to Civ.R. 53 and Loc.R. 13(M) of the Tenth District Court of Appeals, this court referred this matter to a magistrate. The magistrate issued the appended decision, including findings of fact and conclusions of law. The magistrate recommended that we grant Judge Brown's motion to dismiss Garrison's amended petition for writ of mandamus filed on August 22, 2025. After issuance of the decision, neither party filed objections to the magistrate's decision.

**{¶ 3}**   "If no timely objections are filed, the court may adopt a magistrate's decision, unless it determines that there is an error of law or other defect evident on the face of the magistrate's decision."  Civ.R. 53(D)(4)(c).

**{¶ 4}**   Upon review of the record and the law, we have found no error in the magistrate's findings of fact or conclusions of law.  Therefore, we adopt the magistrate's decision in its entirety.  In accordance with that decision, we grant Judge Brown's motion to dismiss Garrison's petition for a writ of mandamus.

*Motion to dismiss granted*;
*action dismissed.*

BOGGS, P.J., and DINGUS, J., concur.

———————————

# APPENDIX

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State ex rel. Carlos Q. Garrison, | : | |
| Relator, | : | |
| v. | : | No.  25AP-566 |
| Judge Richard Brown, | : | (REGULAR CALENDAR) |
| Respondent. | : | |

### M A G I S T R A T E ' S   D E C I S I O N

Rendered on September 30, 2025

*Carlos Q. Garrison*, pro se.

*Shayla D. Favor*, Prosecuting Attorney, and *Patrick A. Stevens*, for respondent.

IN MANDAMUS
ON RESPONDENT'S MOTION TO DISMISS

{¶ 5}  Relator, Carlos Q. Garrison, has filed this original action seeking a writ of mandamus ordering respondent, Judge Richard Brown, to immediately dismiss all charges and discharge relator from custody. Respondent has filed a motion to dismiss.

Findings of Fact:

{¶ 6}  1. Relator is an inmate at Franklin County Corrections Center.

{¶ 7}  2. Respondent is a public official serving as a judge in the Franklin County Common Pleas Court, in Columbus, Ohio.

{¶ 8}   3. Respondent presides over Franklin C.P. No. 22 CR 3647, a pending criminal case in which relator is the defendant.

{¶ 9}   4. According to relator's petition for writ of mandamus filed in this court, relator filed a motion to dismiss for speedy trial violations and lack of preliminary hearing in his criminal case. He alleges, citing various statutes, that he is eligible for release from detention and dismissal of the charges based upon the violation of his speedy-trial rights and lack of a timely preliminary hearing. Relator alleges that respondent has blatantly ignored his constitutional and statutory rights by not bringing him to trial in a timely manner, resulting in his being forced to take a place or go to trial when time for trial has expired.

{¶ 10} 5.  On July 8, 2025, relator filed his petition for writ of mandamus in this court.

{¶ 11} 6. On August 6, 2025, respondent filed a motion to dismiss, in part based upon relator's 's failure to include a prayer for relief in the petition.

{¶ 12} 7. On August 19, 2025, relator filed a motion for leave to file amended complaint and amended complaint, adding a prayer for relief but otherwise raising the same allegations as the original complaint. In the amended complaint, relator prays for a writ of mandamus ordering respondent to immediately dismiss all charges and discharge relator from custody. The magistrate grants the motion for leave to file amended complaint.

{¶ 13} 8. On August 22, 2025, relator filed a motion to dismiss the amended petition, raising the same arguments as raised in the original motion to dismiss, except for the argument pertaining to the lack of a prayer for relief. Relator filed a reply brief, and respondent filed a brief in response.

Conclusions of Law:

{¶ 14} For the reasons that follow, it is the magistrate's decision that this court should grant respondent's August 22, 2025, motion to dismiss relator's amended petition for writ of mandamus.

{¶ 15} In order for this court to issue a writ of mandamus, a relator must ordinarily show a clear legal right to the relief sought, a clear legal duty on the part of the respondent to provide such relief, and the lack of an adequate remedy in the ordinary course of law. *State ex rel. Pressley v. Indus. Comm.*, 11 Ohio St.2d 141 (1967).

{¶ 16} A court may dismiss a complaint pursuant to Civ.R. 12(B)(6) if, after all factual allegations in the complaint are presumed true and all reasonable inferences are made in relator's favor, it appears beyond doubt that relator could prove no set of facts entitling him or her to the requested extraordinary writ. *State ex rel. Turner v. Houk*, 2007-Ohio-814, ¶ 5. "Although factual allegations in the complaint are taken as true, 'unsupported conclusions of a complaint are not considered admitted . . . and are not sufficient to withstand a motion to dismiss.' " *Justice v. Jefferson-Pilot Life Ins.*, 1998 Ohio App. LEXIS 6250, (10th Dist. Dec. 24, 1998), quoting *State ex rel. Hickman v. Capots*, 45 Ohio St.3d 324 (1989).

{¶ 17} A motion to dismiss for failure to state a claim is procedural and tests the sufficiency of the complaint itself and any attached documents. *State ex rel. Hanson v. Guernsey Cty. Bd. of Commrs.*, 1992-Ohio-73, citing *Assn. for the Defense of the Washington Local School Dist. v. Kiger*, 42 Ohio St.3d 116, 117 (1989). Attachments to the complaint are considered part of the complaint for all purposes. Civ.R. 10(C). Generally, in ruling on a Civ.R. 12(B)(6) motion, a court " 'cannot resort to evidence outside the complaint to support dismissal [except] where certain written instruments are attached to the complaint.' " *Brisk v. Draf Indus.*, 2012-Ohio-1311, ¶ 10 (10th Dist.), quoting *Park v. Acierno*, 2005-Ohio-1332, ¶ 29 (7th Dist.); see also Myers v. Vandermark, 2024-Ohio-3205, ¶ 20 (7th Dist.) (finding that when a plaintiff relays information in a complaint and in attachments, that information can be held against the plaintiff in ruling on a Civ.R. 12(B)(6) motion).

{¶ 18} The magistrate may take judicial notice of the pleadings and orders in related cases when these are not subject to reasonable dispute, at least insofar as they affect the present original action. *State ex rel. Nyamusevya v. Hawkins*, 2020-Ohio-2690, ¶ 33 (10th Dist.), citing Evid.R. 201(B); *State ex rel. Ohio Republican Party v. Fitzgerald*, 2015-Ohio-5056, ¶ 18; and *State ex rel. Womack v. Marsh*, 2011-Ohio-229, ¶ 8. Furthermore, a court may take judicial notice of pleadings that are readily accessible on the internet. *See Draughon v. Jenkins*, 2016-Ohio-5364, ¶ 26 (4th Dist.), citing *State ex rel. Everhart v. McIntosh*, 2007-Ohio-4798, ¶ 8, 10 (a court may take judicial notice of appropriate matters, including judicial opinions and public records accessible from the internet, in determining a Civ.R. 12(B)(6) motion); and *Giannelli*, 1 Baldwin's Ohio Practice Evidence, Section 201.6

(3d Ed.2015) (noting that the rule generally precluding a court from taking judicial notice of other cases has been relaxed if the record is accessible on the internet).

{¶ 19} In the present case, relator alleges in his petition that he is eligible for release from detention and dismissal of the charges based upon the violation of his speedy-trial rights and lack of a timely preliminary hearing. Relator alleges that respondent has blatantly ignored his constitutional and statutory rights by not bringing him to trial in a timely manner, resulting in his being forced to take a place or go to trial when time for trial has expired.

{¶ 20} After presuming all factual allegations in the complaint are true and all reasonable inferences are made in relator's favor, the magistrate finds that it appears beyond doubt that relator can prove no set of facts entitling him to the requested writ of mandamus. As pointed out by respondent in his motion to dismiss, speedy-trial violations are not cognizable in extraordinary-writ proceedings because they can be raised on direct appeal. *State ex rel. Justice v. Ohio*, 2023-Ohio-760, ¶ 10; *State ex rel. Dix v. Angelotta*, 18 Ohio St.3d 115, 115-16 (1985) (mandamus may not be used as a substitute for direct appeal to enforce the right to a speedy trial). *See also Jackson v. Wilson*, 2003-Ohio-6112 (finding that a claim of lack of speedy trial can only be addressed through a direct appeal). Likewise, because claims of violation of a defendant's speedy trial rights are the proper subject of an appeal, they constitute an adequate remedy precluding relief in mandamus. *State ex rel. Jackim v. Ambrose*, 2008-Ohio-3182, ¶ 6. Furthermore, insofar as relator also claims statutory and constitutional violations, such are also not cognizable in mandamus proceedings. *Martin v. Judges of the Lucas Cty. Court of Common Pleas*, 50 Ohio St.3d 71, 71-72 (1990) (various violations of constitutional and statutory rights have no remedy in mandamus). Therefore, relator cannot demonstrate that he has a clear legal right to relief in mandamus or that he lacks an adequate remedy at law.

{¶ 21} Accordingly, the magistrate recommends that this court grant relator's motion to amend his complaint and grant respondent's August 22, 2025, motion to dismiss relator's amended petition for writ of mandamus. All other pending motions are denied.

/S/ MAGISTRATE
THOMAS W. SCHOLL III

**NOTICE TO THE PARTIES**

Civ.R. 53(D)(3)(a)(iii) provides that a party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion, whether or not specifically designated as a finding of fact or conclusion of law under Civ.R. 53(D)(3)(a)(ii), unless the party timely and specifically objects to that factual finding or legal conclusion as required by Civ.R. 53(D)(3)(b). A party may file written objections to the magistrate's decision within fourteen days of the filing of the decision.